IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CHRISTOPHER C. YELVERTON, | ) |
| Plaintiff, | ) |
| v. | ) Civil Action No. 21-1727 |
| SECRETARY JOHN E. WETZEL *et al.*, | ) |
| Defendants. | ) |

## MEMORANDUM ORDER

This matter comes before the Court after *pro se* Plaintiff Christopher C. Yelverton declined to file objections to the Report and Recommendation ("R&R") (Docket No. 53) entered by Magistrate Judge Maureen P. Kelly on December 20, 2023. The R&R recommends that Plaintiff's self-styled "Motion to Compel" (Docket No. 50) be construed as a motion for preliminary injunction, and that it be denied. (Docket No. 53 at 2, 8). The R&R further recommends that Plaintiff's Amended Complaint (Docket No. 52) be dismissed without prejudice, that Plaintiff be granted a period of time in which to file an appropriate amended complaint, and that such dismissal also be without prejudice to Plaintiff's ability to raise his new claims against new defendants in a separate lawsuit, if appropriate. (Docket No. 53 at 2, 8). The R&R informed the parties that any objections to the R&R were due by January 3, 2024, and any objections to the R&R by Unregistered ECF Users were due by January 8, 2024. (Docket No. 53 at 8 & Docket entry text). The R&R also instructed the parties that any party opposing objections may file their response to the objections within fourteen days thereafter in accordance with the Local Rules of the United States District Court for the Western District of Pennsylvania. (Docket No. 53 at 9). Thereafter, neither party filed any objections to the R&R.

1

Service of the R&R was made by U.S. Mail on Plaintiff at his prison address, but Clerk of Court personnel received email correspondence from the Department of Corrections ("DOC") indicating that the Court's mailing containing the R&R had been rejected on December 26, 2023. (Docket No. 56). The envelope containing the R&R was returned to the Court and was received in the mail on January 22, 2024, with the envelope bearing a stamp stating, "LEGAL MAIL REFUSED BY INMATE." (Docket No. 58). The Court notes that, while this refusal of the Court's mail is the most recent instance of Plaintiff's mail rejections, Plaintiff has repeatedly rejected the Court's mailings, which have been returned to the Court by mail, marked as refused by the recipient. (*See, e.g.,* Docket Nos. 48, 51, 56, 57, 58). Plaintiff's repeated refusal of the Court's mailings has made communication by the Court to Plaintiff – as well as the progress of Plaintiff's case – impossible.

For example, in the course of the Court's repeated attempts to notify Plaintiff that he may file an appropriate amended complaint, a document, that the Court construed as a motion for extension of time to file an amended complaint, was sent via fax on or about October 13, 2023, from an individual on behalf of Plaintiff ostensibly to the Clerk of Court, at the fax number for the U.S. Attorney for the Western District of Pennsylvania. (Docket No. 46). After the document was, fortunately for Plaintiff, forwarded to the Clerk of Court's Office, Judge Kelly issued an Order granting the motion and instructing that all filings are to be made in accordance with the Court's Order at Docket No. 10 and are not to be faxed to the Clerk of Court. (Docket No. 47). The Order was mailed to Plaintiff, but on October 24, 2023, Clerk of Court personnel received an email from the DOC stating that the Court's mailing to Plaintiff was refused and returned "because he/she refused to accept it." The envelope was returned to the Court and was received in the mail on January 8, 2024, marked "LEGAL MAIL REFUSED BY INMATE." (Docket No. 57). Since

the mailing containing her Order had been rejected, on October 25, 2023, Judge Kelly tried again to communicate with Plaintiff, amending her Order to give him additional time to file an amended complaint, and again instructing that all filings are to be made in accordance with the Court's Order at Docket No. 10 and are not to be faxed to the Clerk of Court. (Docket No. 48). Such Order was also sent to Plaintiff via U.S. Mail, but on October 30, 2023, Clerk of Court personnel again received an email from the DOC stating that the Court's mailing to Plaintiff was rejected and returned "because he/she refused to accept it." (Docket No. 51).

Since Judge Kelly issued her R&R, Plaintiff has filed another Amended Complaint that is largely similar to the Amended Complaint addressed in the R&R (although it contains a list of additional defendants and an attached two-page document) (Docket No. 55). Plaintiff has also filed another Motion to Compel that appears to be identical to the motion addressed in the R&R (Docket No. 54). In the attachment to his most recent Amended Complaint, Plaintiff references a "grievance" that he filed regarding his concern that his mail had been tampered with because "the physical envelope was once again pre-opened and scotchtaped closed," so he would not accept it and yelled "refusal" when he was presented with it. (Docket No. 55-1 at 2). The Court notes that such comment appears to reveal Plaintiff's concern that tape on the outside of envelopes received in the mail from the Court indicate that such mail has been tampered with, which may explain why Plaintiff has been refusing the Court's mailings.

Therefore, the Court hereby notifies Plaintiff that **<u>envelopes sent via U.S. Mail from the Court are often, though not always, sealed with tape</u>**. Further, **<u>Plaintiff should expect that envelopes sent via U.S. Mail from the Court may be sealed with tape, and he is responsible for accepting and reading the mail that the Court sends him and complying with the Court's orders</u>**. In the hope that Plaintiff does not refuse the mailing containing this Memorandum Order

3

and accompanying documents, the Court will assure, in this instance only, that the envelope containing such documents is not sealed with tape. Additionally, the Court will include on such envelope the following statement: "ATTENTION: YOUR LEGAL RIGHTS MAY BE AFFECTED BY YOUR FAILURE TO OPEN AND READ THE CONTENTS OF THIS ENVELOPE."

Moving on to the substance of the R&R presently before the Court, the Court notes that the Federal Rules of Civil Procedure provide that a party may file specific written objections to the proposed findings and recommendations of a magistrate judge, and a district judge must conduct a *de novo* review of any part of the R&R that has been properly objected to. *See* Fed. R. Civ. P. 72(b)(2), (3); 28 U.S.C. § 636(b)(1). Here, however, because Plaintiff did not file any objections to the R&R – which explicitly stated that failure to file timely objections "will waive the right to appeal" – we review the magistrate judge's decision for plain error. (Docket No. 53 at 8). *See Brightwell v. Lehman*, 637 F.3d 187, 193 (3d Cir. 2011) (citing *Nara v. Frank,* 488 F.3d 187, 194 (3d Cir. 2007)); *see also* Fed. R. Civ. P. 72(b), Advisory Committee Notes, 1983 Addition ("When no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." (citing *Campbell v. U.S. Dist. Ct.*, 501 F.2d 196, 206 (9th Cir.), *cert. denied*, 419 U.S. 879 (1974))).

In this case, upon careful review of the R&R and the entire record, the Court, finding no plain error on the face of the record, will accept Judge Kelly's recommendation. As such, the Court will adopt the R&R as the Opinion of the Court. In so ruling, the Court agrees with Judge Kelly that Plaintiff's self-styled "Motion to Compel" (Docket No. 50, refiled at Docket No. 54) is properly construed as a motion for preliminary injunction, and should be denied for the reasons set forth in the R&R. (Docket No. 53 at 4-8). The Court agrees with Judge Kelly that Plaintiff

cannot show a likelihood of success on the merits of his underlying lawsuit or a probability of irreparable harm if the injunction is not granted. (*Id.* at 5-7).

In so ruling, the Court also agrees with Judge Kelly's recommendation that Plaintiff's Amended Complaint (Docket No. 52) should be dismissed without prejudice for the reasons set forth in the R&R. The Court agrees that most of the factual allegations in the Amended Complaint are asserted against individuals who are not named in the initial Complaint and appear unrelated to the facts and claims in the initial Complaint, nor is it clear whether Plaintiff wishes the Amended Complaint to replace or supplement the initial Complaint. (Docket No. 53 at 7-8). The Court further agrees that Plaintiff should be granted a period of time in which to file an appropriate amended complaint. (*Id.* at 7-8). Additionally, the Court agrees that such dismissal should be without prejudice to Plaintiff's ability to raise his new claims against new defendants in a separate lawsuit, if appropriate. (*Id.* at 8). Because the additional Amended Complaint that Plaintiff has filed at Docket No. 55 is largely similar to the Amended Complaint filed at Docket No. 52 (with the addition of a number of new defendants and an attachment referring to the "grievance" discussed, *supra*), the Court will dismiss both pleadings on the same grounds, and permit Plaintiff to file an appropriate amended complaint in accordance with further Order of Court.

Accordingly, in view of the foregoing, the Court enters the following Order:

AND NOW, this 31st day of January, 2024,

IT IS HEREBY ORDERED that the Report and Recommendation (Docket No. 53) ("R&R") is ADOPTED as the Opinion of the Court.

IT IS FURTHER ORDERED that Plaintiff's "Motion to Compel" (Docket Nos. 50 & 54) is hereby construed as a motion for preliminary injunction and is DENIED for the reasons set forth in the R&R.

IT IS FURTHER ORDERED that Plaintiff's Amended Complaints (Docket Nos. 52 & 55) are DISMISSED WITHOUT PREJUDICE for the reasons set forth in the R&R. Plaintiff will be granted a specific period of time in which to file an appropriate amended complaint by further Order of Court. Such dismissal is also without prejudice to Plaintiff's ability to raise his new claims against new defendants in a separate lawsuit, if appropriate.

*/s/ W. Scott Hardy*
W. Scott Hardy
United States District Judge

cc/ecf:     Christopher C. Yelverton (via U.S. Mail)

Encl.:      Report and Recommendation (Docket No. 53)