IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CHRISTOPHER C. YELVERTON, <br><br> Plaintiff, <br><br> v. <br><br> SECRETARY JOHN E. WETZEL *et al.*, <br><br> Defendants. | ) <br> ) <br> ) <br> ) <br> ) <br> ) Civil Action No. 21-1727 <br> ) <br> ) <br> ) <br> ) |

## MEMORANDUM ORDER

This matter comes before the Court after *pro se* Plaintiff Christopher C. Yelverton declined to file objections to the Renewed Report and Recommendation ("R&R") (Docket No. 35) entered by Magistrate Judge Maureen P. Kelly on May 1, 2023. The R&R recommends that Plaintiff's claims in his Complaint (Docket No. 11) against various Defendants be dismissed, *sua sponte*, pursuant to 28 U.S.C. § 1915(e)(2)(B) for failure to state a claim on which relief can be granted. (Docket No. 35 at 2, 15). The R&R further recommends that certain claims be dismissed without prejudice to Plaintiff's ability to file an amended complaint, if appropriate, and that such dismissal also be without prejudice to Plaintiff's ability to refile a claim in state court under state law, if appropriate. (Docket No. 35 at 2, 15). The R&R informed the parties that objections to same were due by May 18, 2023. (Docket No. 35 at 15 & Docket entry text). The R&R also instructed the parties that any party opposing objections may file their response to the objections within fourteen days thereafter in accordance with the Local Rules of the United States District Court for the Western District of Pennsylvania. (Docket No. 35 at 16). Thereafter, neither party filed any objections to the R&R.

Service of the R&R was made by U.S. Mail on Plaintiff at his address of record as of the date of mailing, which was his then-current prison address listed on the Docket. (Docket No. 35). However, because Plaintiff filed a Notice of Change of Address on May 10, 2023 (Docket No. 36), which was ten days after the R&R had been mailed, Judge Kelly then re-sent the R&R along with a copy of the public-facing Docket to Plaintiff at his new address of record. (Docket No. 40). Judge Kelly also extended the deadline for objections to the R&R to August 7, 2023. (*Id.*). Thereafter, Plaintiff did not file any objections to the R&R.

However, on August 15, 2023, while the R&R was still pending, Plaintiff did file a Motion for Leave to File Amended Complaint in Order to Cure Deficiencies (Docket No. 42). On August 21, 2023, this Court denied Plaintiff's motion, noting that he had not attached a draft amended complaint, but instructing Plaintiff that he could file an amended complaint as of right pursuant to Rule 15(a)(1)(A) of the Federal Rules of Civil Procedure. (Docket No. 43). Additionally, the Court ordered that if Plaintiff wished to file an amended complaint, he had to submit it on or before September 21, 2023, and that failure to do so would result in the Court issuing an order on the R&R. (*Id.*). On October 13, 2023, Plaintiff filed a motion for an extension of time in which to file his amended complaint, which the Court granted, extending his deadline to file an amended complaint to November 20, 2023. (Docket No. 47). Again, the Court notified Plaintiff that failure to file an amended complaint by that date would result in the Court ruling on the R&R. (*Id.*).

At that point, Plaintiff started to refuse the Court's mailings, as explained more fully in the Court's accompanying Memorandum Order filed this day. Additionally, after the extended deadline to file an amended complaint had passed, Plaintiff filed an Amended Complaint on December 7, 2023, and Plaintiff filed another Amended Complaint on December 22, 2023. (Docket Nos. 52, 55). In its accompanying Memorandum Order filed herewith, the Court

dismissed both Amended Complaints, without prejudice, for the reasons set forth in Judge Kelly's Report and Recommendation filed at Docket No. 53.

The Federal Rules of Civil Procedure provide that a party may file specific written objections to the proposed findings and recommendations of a magistrate judge, and a district judge must conduct a *de novo* review of any part of the R&R that has been properly objected to. *See* Fed. R. Civ. P. 72(b)(2), (3); 28 U.S.C. § 636(b)(1). Here, however, because Plaintiff did not file any objections to the R&R – which explicitly stated that failure to file timely objections "will waive the right to appeal" – we review the magistrate judge's decision for plain error. (Docket No. 35 at 15). *See Brightwell v. Lehman*, 637 F.3d 187, 193 (3d Cir. 2011) (citing *Nara v. Frank,* 488 F.3d 187, 194 (3d Cir. 2007)); *see also* Fed. R. Civ. P. 72(b), Advisory Committee Notes, 1983 Addition ("When no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." (citing *Campbell v. U.S. Dist. Ct.*, 501 F.2d 196, 206 (9th Cir.), *cert. denied*, 419 U.S. 879 (1974))).

In this case, upon careful review of the R&R and the entire record, the Court, finding no plain error on the face of the record, will accept Judge Kelly's recommendation. As such, the Court will adopt the R&R as the Opinion of the Court, and will dismiss the claims against certain Defendants, for the reasons set forth in detail therein. In so ruling, the Court agrees with Judge Kelly that, to the extent Plaintiff failed to make any allegations of fact with respect to various Defendants, those Defendants should be dismissed without prejudice to amendment of the complaint, if appropriate. (Docket No. 35 at 7-8). The Court also agrees that Plaintiff's allegations related to his personal property are insufficient to state a federal claim upon which relief may be granted under 42 U.S.C. § 1983, and that dismissal of his federal claim for lost property should be with prejudice, although such dismissal should be without prejudice to refiling in state court under

state law, if appropriate. (*Id.* at 8-9). The Court agrees that, to the extent Plaintiff bases his Eighth Amendment claim on verbal threats alone, such claim should be dismissed without prejudice to amendment. (*Id.* at 9-10). The Court also agrees with Judge Kelly's recommendation that Plaintiff's constitutional claims arising out of alleged "unwanted sexual advances" should be dismissed, although he should be granted leave to amend to the extent that he can allege additional specific acts beyond the bare allegation of a single instance of unwanted sexual advances. (*Id.* at 10-11). The Court further agrees that Plaintiff's claim against Defendant Doctor Solomon should be dismissed without prejudice because he has not plausibly pled an Eighth Amendment violation. (*Id.* at 11-13). The Court also agrees that Plaintiff's sole claim against Defendant Sergeant Gagnon, based on his alleged refusal to provide a comprehensive list of Plaintiff's misconduct-based disciplinary restrictions at Plaintiff's request, should be dismissed because such conduct does not allege a violation of the Due Process Clause, and that such dismissal should be with prejudice because amendment of such claim would be futile. (*Id.* at 13-15).

Accordingly, in view of the foregoing, the Court enters the following Order:

AND NOW, this 31st day of January, 2024,

IT IS HEREBY ORDERED that the Renewed Report and Recommendation ("R&R") (Docket No. 35) is ADOPTED as the Opinion of the Court.

IT IS FURTHER ORDERED that the following claims against certain Defendants in the Complaint (Docket No. 11) are DISMISSED, *sua sponte*, pursuant to 28 U.S.C. § 1915(e)(2)(B) for failure to state a claim on which relief can be granted, for the reasons set forth in the R&R:

1. Plaintiff's claims against Defendants Doctor Hammer, Grievance Coord. T. Shawley, Grievance Coord. C. Greenawalt, Grievance Coord. M. Andretti, Mailroom Supervisor

L. Kois, Secretary John E. Wetzel, Officer Huey, and Doctor Solomon are DISMISSED WITHOUT PREJUDICE to filing an amended complaint, if appropriate;

2. Plaintiff's claims of threats by Defendants Superintendent Michael Zaken (Docket No. 11, ¶ 20), Lieutenant Martucci, (*id.* ¶ 27), and Officer Johnson (*id.* ¶ 32) are DISMISSED WITHOUT PREJUDICE to filing an amended complaint, if appropriate;

3. Plaintiff's claim against Sergeant Gagnon is DISMISSED WITH PREJUDICE; and

4. Plaintiff's claims regarding his lost property, which include his sole claim against Defendant Officer C. Lewis, are DISMISSED WITHOUT PREJUDICE to refiling in state court under state law, if appropriate.

Plaintiff will be provided with a date by which he must file an appropriate amended complaint, if he wishes to do so, by further Order of Court.

*/s/ W. Scott Hardy*
W. Scott Hardy
United States District Judge

cc/ecf:   Christopher C. Yelverton (via U.S. Mail)

Encl.:   Renewed Report and Recommendation (Docket No. 35)