IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CHRISTOPHER C. YELVERTON, | ) |
| Plaintiff, | ) |
| v. | ) Civil Action No. 21-1727 |
| SECRETARY JOHN E. WETZEL *et al.*, | ) |
| Defendants. | ) |

## MEMORANDUM ORDER

This matter comes before the Court on *pro se* Plaintiff Christopher C. Yelverton's objections (Docket No. 66) to the Report and Recommendation ("R&R") (Docket No. 65) entered by Magistrate Judge Maureen P. Kelly on January 7, 2025. The R&R recommends that – after a tortuous history set forth in previous orders and R&Rs – Plaintiff's case be dismissed, *sua sponte*, with prejudice, pursuant to Federal Rule of Civil Procedure 41(b) due to Plaintiff's failure to prosecute his case. (Docket No. 65 at 1, 5). Service of the R&R was made on Plaintiff via U.S. Mail, and the R&R indicated that any objections to the R&R were due by January 24, 2025. (Docket No. 65 at 5 & Docket entry text). The R&R also instructed that any party opposing objections may file their response to the objections within fourteen days thereafter in accordance with the Local Rules of the United States District Court for the Western District of Pennsylvania. (Docket No. 65 at 6). On January 30, 2025, Plaintiff filed his "Oppos[i]tion in Response to Report and Recommendation & Motion for Continuance" with attached documents, which the Court construes as: (1) Plaintiff's objections to the R&R (Docket Nos. 66, 66-1, 66-2, 66-3); and (2) Plaintiff's Motion to Continue the Court's deadline for filing an Amended Complaint (Docket No. 67). On January 31, 2025, the Office of the Clerk of Court received an additional document,

1

which it docketed as "Exhibits in Support of Brief in Opposition to Motion" (Docket No. 68, hereinafter, "exhibits"), which the Court has also considered.[1]

In his objections, Plaintiff disagrees with Judge Kelly's recommendation that Plaintiff's case be dismissed based on his conduct and failure to prosecute this action. Plaintiff contends, in essence, that he has had difficulty communicating with the Court since filing this lawsuit, due to interference with his mail by security officials at the facilities in which he has been housed. (Docket No. 66 at 1). He also seeks an additional extension of sixty (60) days in which to file his Amended Complaint. (*Id.* at 2). In an apparent reference to such previous communication problems, Plaintiff "admits to refusal to accept" the Court's orders, explaining they were not received in the condition in which they were issued, so he did not accept them and returned them to the Court "as proof of claims against the hijacking of his legal mail." (*Id.* at 1). Plaintiff also indicates that he has attached to his objections copies of all grievances, request slips, account statements, and cash slips pertaining to his legal mail since he arrived at SCI-Albion, "as evidence of claims." (*Id.*). Additionally, Plaintiff submitted additional exhibits in support of his objections. (Docket No. 68).

In resolving a party's objections, the Court conducts a *de novo* review of any part of the R&R that has been properly objected to. *See* Fed. R. Civ. P. 72(b)(3); 28 U.S.C. § 636(b)(1). The Court may accept, reject, or modify the recommended disposition, as well as receive further evidence or return the matter to the magistrate judge with instructions. *See id.* Upon careful *de*

---

[1] The exhibits were docketed, and considered by the Court, despite the fact that they were sent via fax from an individual on behalf of Plaintiff ostensibly to the Clerk of Court, at the fax number for the U.S. Attorney for the Western District of Pennsylvania. The Court notes that the Clerk of Court previously received a document in this same manner, and Plaintiff was instructed that all filings are to be made in accordance with the Court's Order at Docket No. 10 and are not to be faxed to the Clerk of Court. (*See* Docket No. 59 at 2-3).

*novo* review of the R&R, Plaintiff's objections, as well as the record in its entirety, the Court concludes that Plaintiff's objections do not undermine the R&R's recommended disposition.

After carefully considering Plaintiff's objections (including his attached materials and exhibits), despite his reference to communication difficulties, the Court finds that Plaintiff does not assert, nor do any of his attached documents or exhibits indicate, that he did not receive Judge Kelly's most recent Order issued on May 1, 2024 (Docket No. 64), which granted him an extension of time until June 3, 2024, to file the Amended Complaint that he had indicated he would file.[2] Further, nothing in Plaintiff's objections indicates that he ever attempted to submit an Amended Complaint in accordance with such Order, but could not do so due to mailing issues or some other problem. Likewise, nothing in Plaintiff's objections indicates that he attempted to seek another extension of time in which to file an Amended Complaint, but could not do so due to mailing or other issues. Additionally, Plaintiff's objections provide no explanation as to why he did not, or could not, either comply with the filing deadline or request another extension. Instead, *seven months after the last filing deadline has passed*, in response to the R&R recommending dismissal of the action, Plaintiff simply asks, without any basis, for yet another extension.

The Court recognizes that, in his objections, Plaintiff refers generally to being unable to communicate with the Court since he filed this lawsuit. (Docket No. 66 at 1). However, the Court notes that, putting aside past communication problems, any recent communication issues with the Court in this case appear to have been due largely, if not entirely, to Plaintiff's own choices in refusing to accept the Court's mailings so that this case could proceed – choices regarding which the Court exercised extreme patience and went to great lengths to overcome (as evidenced by

---

[2] In order to facilitate this case moving forward, as explained in detail in the R&R, Judge Kelly previously provided Plaintiff with an Election Form, which he returned, and on which he indicated with a check mark that he was choosing to file an Amended Complaint in this case. (Docket No. 63).

Plaintiff apparently receiving and accepting the Court's recent mailings, including the May 1, 2024, Order, and the January 7, 2025, R&R).[3] Plaintiff also attached to his objections various grievance documents and paperwork documenting some of the mailing issues he alleges. However, upon review, those attached documents appear to refer to litigation in the Court of Common Pleas of Philadelphia and communications with the Office of Judicial Records.[4] The separately filed exhibits largely show proof of Plaintiff having mailed his objections, along with several pages that reference ongoing grievance issues and Plaintiff's concerns about the grievance system (also noting his fears of adverse administrative action and his request for monetary relief). None of the attached documents or exhibits, however, appear to be related to communication problems in the present case, nor does Plaintiff identify any document as pertaining to the present case. Thus – even considering the communication or mail issues that Plaintiff cites – nothing in Plaintiff's objections indicates that Plaintiff did not receive Judge Kelly's most recent Order extending the filing deadline for his Amended Complaint to June 3, 2024, nothing indicates that Plaintiff attempted to file an Amended Complaint and could not do so, and nothing indicates that Plaintiff attempted to request another extension of time to file an Amended Complaint and was unable to do so. Thus, whatever Plaintiff's communication issues might have included in the past, Plaintiff has not explained how such communication issues have any bearing on his failure to abide

---

[3] The Court need not rehash here the novel efforts it has made to communicate with Plaintiff in this matter, as such efforts are documented in the prior orders and R&Rs issued in this case. The Court will only note here that such efforts included, for example, specially printing a message to Plaintiff in large text on the exterior of a mailing envelope, in an attempt to convince him to accept and read the Court's enclosed Memorandum Order. (Docket No. 59 at 3-4 and Docket text entry).

[4] In his objections, Plaintiff references his "recently filed grievance(s) about the same problems communicating with the Office of Judicial Records; and Court of Common Pleas for Philadelphia County," and Plaintiff states that he has enclosed copies of certain documents pertaining to his legal mail since he arrived at SCI-Albion. (Docket No. 66 at 1).

by the Court's order requiring him to file an Amended Complaint – as Plaintiff himself indicated he wished to do – in order to prosecute the present case.

Accordingly, upon careful review of the R&R, the objections, and the entire record, the Court, finding that Plaintiff's objections do not undermine the R&R's recommended disposition, will accept Judge Kelly's recommendation. As such, the Court will adopt the R&R as the opinion of the Court and will dismiss this action with prejudice, pursuant to Federal Rule of Civil Procedure 41(b) for failure to prosecute. *See, e.g., Qadr v. Overmyer*, 642 F. App'x 100, 102 (3d Cir. 2016) ("Under Rule 41(b), a district court has authority to dismiss an action sua sponte if a litigant fails to prosecute or to comply with a court order." (citing Fed. R. Civ. P. 41(b)).

In so ruling, the Court agrees with Judge Kelly's application of the six-factor balancing test provided in *Poulis v. State Farm Fire & Casualty Co.*, 747 F.2d 863 (3d Cir. 1984), which guides a court in determining whether a case should be dismissed for failure to prosecute. (Docket No. 65 at 3). First, the Court agrees that Plaintiff, who is proceeding *pro se* in this matter, is solely responsible for his own conduct, so the first factor weighs in favor of dismissal. (*Id.*). The Court also agrees that with regard to the second factor – whether the adverse party has suffered prejudice because of the dilatory party's behavior – there is no evidence of record showing that any Defendant has suffered prejudice here due to Plaintiff's conduct. (*Id.* at 4). Additionally, the Court agrees that the third factor, a history of dilatoriness, weighs against Plaintiff since he has a history of refusing to accept court orders and failing to comply with deadlines. (*Id.*). Fourth, the Court agrees that Plaintiff's failure to comply with the Court's orders appears to be willful. (*Id.*). Fifth, the Court agrees that there is no indication on the record that alternative sanctions such as the imposition of costs or fees are likely to be effective here. (*Id.*). Finally, the Court agrees that Plaintiff has refused to provide an amended complaint, so it is unclear whether he would raise any

meritorious claims therein. (*Id.*). Thus, the Court agrees that four of the six *Poulis* factors strongly weigh in favor of dismissal, and that, on the record here, dismissal is supported by the *Poulis* factors and is appropriate under Rule 41(b) for failure to prosecute. (*Id.*).

Accordingly, in view of the foregoing, the Court enters the following Order:

AND NOW, this 11th day of February, 2025,

IT IS HEREBY ORDERED that Plaintiff's objections (Docket No. 66) to the R&R are overruled, the R&R (Docket No. 65) is ADOPTED as the Opinion of the Court, and Plaintiff's Motion to Continue (Docket No. 67) is denied as moot.

IT IS FURTHER ORDERED that, for the reasons set forth in the R&R, the present action is DISMISSED WITH PREJUDICE, pursuant to Federal Rule of Civil Procedure 41(b) for failure to prosecute.

The Clerk of Court shall mark this case CLOSED.

*/s/ W. Scott Hardy*
W. Scott Hardy
United States District Judge

cc/ecf:　　Christopher C. Yelverton (via U.S. Mail)
　　　　　The Honorable Maureen P. Kelly